## GRIMES *v.* NEWELL.

*G.* as assignee sued *N.* as assignor of a promissory note payable to *N.*, and negotiable and payable at a branch of the state bank. The declaration showed, *inter alia*, that the maker of the note had refused to pay, and that the plaintiff knew of his default. Plea, that *G.* indorsed his name on the note, at the instance of the maker, for the purpose of guarantying its payment to *N.*, and that the maker afterwards delivered to *N.* the note so indorsed; and that *N.* afterwards sold the note to one *S.*, and indorsed his, *N.'s*, name on it, for the purpose of transferring it to *S.* Replication, that the indorsement of the note by the defendant was made before the plaintiff indorsed the note. *Held,* that the plea and replication were both good.

Nov. Term, 1844.

GRIMES
v.
NEWELL.

Saturday, December 21.

ERROR to the *Tippecanoe* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit, brought by the assignee against the assignor of a promissory note, negotiable and payable at a branch of the state bank. The declaration contains two special counts. The first, after alleging the making of the note to the defendant, and his indorsement of it to the plaintiff, states that the plaintiff indorsed the note to one *Dugan*, and that the latter indorsed it to one *Stockton*. It also states that *Stockton* duly presented the note for payment, that payment was refused, and that due notice of the non-payment was given to the parties concerned. The second count, after alleging the execution of the note, and its indorsement by the defendant, as mentioned in the first count, avers the due presentment of the note for payment, its non-payment, and due notice of its dishonour.

There are three pleas: 1. Non assumpsit; 2. No consideration for the assignment. The third plea, after some immaterial matter, alleges that the plaintiff and one *Dugan*, at the instance of the makers of the note, indorsed their names on it for the purpose of guarantying and securing to the defendant the payment of the note; that, afterwards, the makers delivered the note so indorsed to the defendant; and that the defendant, afterwards, sold the note to one *Stockton*, and indorsed his, the defendant's, name on it, for the purpose of transferring it to *Stockton*, and for no other purpose.

To the second plea, the plaintiff replied that the indorsement was made on a good consideration. The third plea was replied to as follows: That the indorsement, averred in the declaration to have been made by the defendant, was made by him before the plaintiff indorsed the note, the defendant's name being on the note as indorser at the time of the plaintiff's indorsement; and that the indorsements in the plea mentioned were not made under the circumstances, for the purposes, and in the manner and form alleged in the plea.

General demurrer to the replication to the third plea, and judgment for the defendant.

It appears by the declaration, that the makers of the note had refused to pay it, and that the plaintiff knew of their default; and the third plea shows, that, under those circumstances, the plaintiff, as guarantor, is liable to the defendant

for the same amount that the defendant, if bound as assignor, is liable for to the plaintiff. That is a sufficient reason why the action should not be sustained. *Bishop* v. *Hayward,* 4 T. R. 470.—*Britten et al.* v. *Webb,* 2 Barn. & Cress. 483. And to this plea, the replication demurred to is a good answer. It avers, that the defendant's indorsement was made before the plaintiff's, the defendant's name being on the note as indorser at the time the plaintiff indorsed it. There was, therefore, in substance, a good issue formed by the pleadings in question, viz., whether the plaintiff had or had not indorsed his name on the note, as a guarantor, before the defendant received it. And the demurrer to the replication should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*Z. Baird,* for the plaintiff.

*R. Jones, D. Mace,* and *W. M. Jenners,* for the defendant.